UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL FONTANEZ REYES, | ) | CASE NO. 5:19-cv-2695 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| FREEDOM SMOKES, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of defendant LG Chem, Ltd. ("LG Chem") to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). (Doc. No. 11, Motion ["Mot."].) Plaintiff Daniel Fontanez Reyes ("plaintiff" or "Reyes") filed a response in opposition (Doc. No. 12, Opposition ["Opp'n"]) and LG Chem filed a reply (Doc. No. 13, Reply ["Reply"]). For the reasons set forth herein, the motion is granted.

I. FACTUAL BACKGROUND

This product liability action arises out of the explosion of a Lost Vape Therion DNA17C electronic cigarette (the "e-cigarette") that caused serious injuries to Reyes. According to the amended complaint, Reyes purchased the e-cigarette from Freedom Smokes, Inc. (d/b/a MyFreedomSmokes.com) ("Freedom Smokes"), an online retailer of e-cigarette products and accessories. (Doc. No. 3-1, First Amended Complaint ["FAC"] ¶¶ 2, 6.) He also purchased a replacement battery for his e-cigarette—a model 18650 lithium-ion battery manufactured by LG Chem (the "Battery")—from defendant Expo International, Inc. ("Expo") through its website www.imrbatteries.com. (*Id.* ¶¶ 3, 4, 11.)

On or about October 19, 2017, Reyes was driving his work semi-truck on I-75 South in Portage Township, Ohio when suddenly, and without warning, the e-cigarette in his front shirt pocket exploded. (*Id.* ¶ 18.) The explosion caught Reyes' shirt and body on fire, causing severe first, second, and third-degree burns. (*Id.* ¶ 18, 20.) He was transported by ambulance to a nearby hospital and was later flown to a hospital with a specialized burn unit. (*Id.* ¶ 19.)

Reyes originally filed his product liability action in the Summit County Court of Common Pleas. (*See* Doc. No. 1.) The first amended complaint alleges that the explosion, and Reyes' resulting injuries, were caused by various design and manufacturing defects in the Battery and e-cigarette. (FAC ¶¶ 17, 30.)

On November 15, 2019, LG Chem removed the action to this Court based on diversity jurisdiction. (*See* Doc. No. 1.) One week later, on November 22, 2019, LG Chem filed the instant motion to dismiss pursuant to Rule 12(b)(2) claiming that "LG Chem is not subject to jurisdiction in Ohio." (Doc. No. 11-1, Memorandum in Support ("Memo.") at 92.[1]) Specifically, LG Chem contends it lacks sufficient contacts with Ohio for this Court to exercise personal jurisdiction over it. In support of its motion, LG Chem states, *inter alia*, that it has never been registered to conduct business in Ohio, has never had an office in Ohio, has never owned or leased property in Ohio, has never had a registered agent for service of process in Ohio, has no employees in Ohio, has never paid Ohio income or property taxes, and has never had a mailing address, bank account, telephone number or post office box in Ohio. (*Id.*). Reyes argues that the motion should be denied or, in the alternative, requests the Court to permit the parties to conduct limited discovery on the issue of personal jurisdiction.

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

## II. LAW AND ANALYSIS

### A. Personal Jurisdiction Standard

"The plaintiff bears the burden of establishing that jurisdiction exists." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). When faced with a properly supported 12(b)(2) motion, "the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth *specific facts* showing that the court has jurisdiction." *Id.* (emphasis added). When presented with a well-supported 12(b)(2) motion and opposition, the Court has three procedural alternatives; it may (1) decide the motion on affidavits alone, (2) permit discovery in aid of deciding the motion, or (3) conduct an evidentiary hearing to resolve any apparent factual questions. *Id.* (citation omitted). A district court has discretion to select which procedural method that it will follow. *Id.* "However the court handles the motion, the plaintiff always bears the burden of establishing that jurisdiction exists." *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (citing cases). The method selected does, however, "affect the burden of proof the plaintiff must bear to avoid dismissal." *Theunissen*, 935 F.2d at 1458; *see also Serras*, 875 F.2d at 1214 ("The weight of the plaintiff's burden … depends on whether the trial court chooses to rule on written submissions or to hear evidence on the personal-jurisdiction issue….").

Where, as here, the Court elects to decide the motion upon the written submissions, "the plaintiff must make only a *prima facie* showing that personal jurisdiction exists…." *Theunissen*, 935 F.2d at 1458 (citations omitted). That is, plaintiff need only demonstrate facts that would support a finding of personal jurisdiction. *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980) (citations omitted); *see also Death v. Mabry*, No. C18-5444 RBL, 2018 WL 6571148, at *2 (W.D. Wash. Dec. 13, 2018) ("A prima facie showing means that the plaintiff has produced admissible evidence, which if believed, is sufficient to establish the existence of personal jurisdiction."). In the absence of an evidentiary hearing, the Court must view the facts presented in the light most

favorable to the nonmoving party. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). But the Court is not precluded from considering the undisputed factual representations of the defendant that are consistent with plaintiff's representations. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153 (6th Cir. 1997).

"A valid assertion of personal jurisdiction must satisfy both the state long-arm statute, and constitutional due process." *Nationwide Mut. Ins. Co. v. Tryg Intern. Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996). "Of course, if jurisdiction is not proper under the Due Process Clause it is unnecessary to analyze jurisdiction under the state long-arm statute, and vice-versa." *Conn v. Zakharov*, 667 F.3d 705, 711–12 (6th Cir. 2012) (citing *Brunner v. Hampson*, 441 F.3d 457, 467 (6th Cir. 2006)) (holding that where the plaintiff cannot show jurisdiction under the Ohio long-arm statute a due process analysis is unnecessary); *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721, 724 (6th Cir. 2000) (dismissing for lack of personal jurisdiction solely on due process grounds)).

"Unlike other jurisdictions, Ohio does not have a long-arm statute that reaches to the limits of the Due Process Clause, and the analysis of Ohio's long-arm statute is a particularized inquiry wholly separate from the analysis of Federal Due Process law." *Conn*, 667 F.3d at 712 (citing cases). Under Ohio Rev. Code § 2307.382(A), Ohio courts may exercise personal jurisdiction over a non-resident defendant if his conduct falls within one or more of the nine bases for jurisdiction enumerated by the statute.[2] *Conn*, 667 F.3d at 712. Here, neither party has addressed whether LG

---

[2] Ohio Rev. Code § 2307.382 provides, in relevant part:
 (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
(1) Transacting any business in this state;
(2) Contracting to supply services or goods in this state;
(3) Causing tortious injury by an act or omission in this state;
(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

4

Chem's conduct falls within one or more of the nine bases for jurisdiction enumerated in Ohio's long-arm statute. But even assuming, *arguendo*, that the requisites for state-law jurisdiction have been met, that "does not end the inquiry: the Due Process Clause requires that the defendant have sufficient 'minimum contact[s]' with the forum state so that finding personal jurisdiction does not 'offend traditional notions of fair play and substantial justice.'" *Id.* (alteration in original) (citations omitted).

For due process purposes, personal jurisdiction may be found to exist in one of two ways—generally or specifically. *Nationwide Mut. Ins. Co.*, 91 F.3d at 793. General jurisdiction exists when a defendant's "contacts with the forum state are of such a 'continuous and systematic' nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Third Nat'l Bank v. WEDGE Grp. Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989). When the defendant is a foreign business entity, the organization's affiliations with the forum state must be so "'continuous and systematic' as to render [it] essentially at home in the forum State." *BNSF Ry. Co. v. Tyrrell*, __ U.S. __, 137 S. Ct. 1549, 1552, 198 L. Ed. 2d 36 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 126, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) (further quotation marks and citation omitted). In all but "exceptional case[s]," the "forums in which a corporate defendant is 'at home' are the corporation's place of incorporation and its principal place of business." *Id.* (citing *Daimler*, 571 U.S. at 137). A case is considered "exceptional" when "a corporate defendant's operations in another forum may be so substantial

---

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;
(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity[;]
(8) Having an interest in, using, or possessing real property in this state;
(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

and of such a nature as to render the corporation at home in that State….” *Id.* at 1552–53 (citation and quotation marks omitted).

Specific jurisdiction, on the other hand, exists when the plaintiff's claims arise out of, or relate to, the defendant's contacts with the forum state. *Daimler*, 571 U.S. at 127 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, n.8, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)). "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, __ U.S. __, 137 S. Ct. 1773, 1780, 198 L. Ed. 2d 395 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011)).

The Sixth Circuit has devised a three-part test for determining whether specific jurisdiction exists:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Nationwide Mut. Ins. Co.*, 91 F.3d at 794 (quoting *Payne v. Motorists' Mut. Ins. Co.*, 4 F.3d 452, 455 (6th Cir. 1993)). In addition, when jurisdiction is predicated on a defendant placing an allegedly defective product into the stream of commerce, the Sixth Circuit has adopted Justice O'Connor's "stream of commerce plus" test set forth in *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987). *See Parker v. Winwood*, 938 F.3d 833, 840 (6th Cir. 2019) (recognizing that the Sixth Circuit has adopted the steam of commerce plus theory of specific personal jurisdiction). "Under that theory, for a defendant to purposefully

avail himself of the privilege of acting within the forum state, he must do more than merely place a product into the stream of commerce." *Id.* (citing *Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 479 (6th Cir. 2003)). In many instances, the "plus" can be established a with a showing that the defendant took affirmative steps to distribute the product at issue within the forum state. *See id.* at 841 ("[T]he district court lacked personal over [the defendant] unless something [defendant] did specifically directed the distribution of [the product] into [the forum state]."), *see also Bridgeport Music, Inc.*, 327 F.3d at 483–84 (holding that a nationwide distribution agreement constituted purposeful availment for specific jurisdiction purposes); *Malone v. Stanley Black & Decker, Inc.*, 393 F. Supp. 3d 721, 727 (N.D. Ohio 2019) (appeal docketed) ("[T]he fact that [d]efendant did not direct its sales to Ohio is fatal to [p]laintiff's jurisdictional argument.").

### B. Analysis

In his amended complaint, Reyes argues that all defendants, including LG Chem, are subject to jurisdiction in Ohio[3] because, (1) they committed a tortious act within the state by selling and delivering defective products in Ohio, (2) they conduct substantial business in Ohio, (3) they caused injury to the plaintiff in Ohio, and (4) they sold products in interstate commerce with "knowledge or reason to foresee" that the products would reach Ohio. (FAC ¶ 15.) LG disputes these assertions, arguing that plaintiff cannot establish "that either general or specific jurisdiction exists over LG Chem." (Memo. at 89.) Because LG Chem has put forth a properly supported 12(b)(2) motion, Reyes may not "stand on his pleadings but must, by affidavit or otherwise, set

---

[3] The amended complaint provides seemingly contradictory assertions with regard to this Court's jurisdiction over LG Chem, stating both that "LG Chem submitted to the jurisdiction of this Court" (FAC ¶ 15) and that "LG Chem is not subject to jurisdiction in Ohio." (*Id.* ¶ 16). Reyes asserts that the apparent contradiction was deliberately made for purposes of alternative pleading. Count two of the complaint, product liability of a supplier pursuant to Ohio Rev. Code § 2307.78, allows a plaintiff to hold a supplier liable—as if it was the product manufacturer—if the manufacturer is not subject to judicial process in Ohio. *See* Ohio Rev. Code § 2307.78(B). As such, the Court rejects LG Chem's assertion that "[p]laintiff … concedes jurisdiction is lacking…." (*See* Mot. at 86.)

forth specific facts showing that the court has jurisdiction." *Theunissen*, 935 F.2d at 1458. To that end, Reyes filed a brief in opposition arguing that "LG Chem's motion [to dismiss] should be denied outright" or, in the alternative, the parties should be permitted to conduct jurisdictional discovery. (Opp'n at 115.)

### i. General Jurisdiction

Reyes has failed to make a *prima facie* showing for the existence of general jurisdiction. The parties do not dispute that LG Chem is a Korean company with its headquarters and principal offices in Seoul, South Korea. (FAC ¶ 4, Memo. at 91.) There is simply no indication that LG Chem is incorporated in, or maintains a principal place of business in, Ohio. *See BNSF Ry Co.*, 137 S. Ct. at 1552 ("The 'paradigm' forums in which a corporate defendant is 'at home'… are the corporation's place of incorporation and its principal place of business….") (citation omitted). Nor is there any evidence that this is an "exceptional case" such that LG Chem's operations in this state are so substantial that LG Chem is essentially "at home" in Ohio. *See id.*

In an apparent attempt to show LG Chem's substantial business presence in Ohio, Reyes points the Court to a December 5, 2019 news release regarding a joint business venture between General Motors and LG Chem to produce electric-vehicle batteries in Ohio. (*See* Opp'n at 115.) As an initial matter, the article describes the joint venture's *future* operations in Ohio. There is no indication that LG Chem *currently* owns land or real property in Ohio, is registered to do business in Ohio, or employs anyone in Ohio. This joint venture—to the extent its Ohio operations ultimately materialize—certainly does not presently constitute the sort of substantial contact that would make LG Chem essentially "at home" in Ohio. *See BNSF Ry. Co.*, 137 S. Ct. at 1552–53. Even interpreting this "evidence" in the light most favorable to Reyes, he has not made a *prima facie* showing of general jurisdiction. To hold otherwise would allow courts to exercise jurisdiction over any corporation that planned to conduct business in the state at some point in the future. *See*

8

*Gen. Motors Corp. v. Ignacio Lopez de Arriortua*, 948 F. Supp. 656, 663 (E.D. Mich. 1996) ("[M]inimum contacts are measured at the time that the underlying acts took place.") (citation omitted).

### ii. Specific Jurisdiction

Reyes has similarly failed to make a *prima facie* showing of specific jurisdiction. To determine whether LG Chem has sufficient contacts with Ohio to establish specific jurisdiction, the Court applies the Sixth Circuit's three-prong test—did LG Chem purposefully avail itself to the privileges of acting in Ohio, did Reyes' injury result from LG Chem's activities in Ohio, and did LG Chem's actions have a substantial enough connection to Ohio the make exercise of jurisdiction reasonable. *See Nationwide Mut. Ins. Co.*, 91 F.3d at 794.

LG Chem asserts that it has not purposefully availed itself of the privileges of acting in Ohio. In a declaration appended to the instant motion, Joon Young Shin, an LG Chem Senior Manager and authorized representative, asserts that LG Chem, (1) is a Korean company with its headquarters and principal offices in Seoul, South Korea, (2) has never had an office in Ohio, (3) has never been registered to conduct business in Ohio, (4) has never owned or leased real property in Ohio, (5) has never had a registered agent for the service of process in Ohio, (6) has never had a telephone number, post office box, mailing address, or bank account in Ohio, (7) has no employees who reside in Ohio, (8) and has never paid income or property taxes in Ohio. (Doc. No. 11-2, declaration of Joon Young Shin ["Joon Decl."] at 108–09.) In addition, it is undisputed that Reyes purchased the Battery, not from LG Chem, but from defendant Expo, conducting business as www.imrbatteries.com—an online retailer located in Texas. (FAC ¶¶ 3, 11.) LG Chem has never "conducted any business with IMR Batteries" and has "never authorized IMR Batteries, [sic] to advertise, distribute, or sell LG brand 18650 lithium cells…." (Joon Decl. at 110.)

Reyes has failed to put forth any evidence to refute these assertions. In support of jurisdiction, Reyes references the affidavit of Rong Yuan, Ph.D., P.E. ("Dr. Yuan"), a mechanical engineer who studied two of Reyes' replacement batteries that did not explode. (*See* Doc. No. 12-1, Declaration of Rong Yuan, Ph.D., P.E. ["Rong Decl."] at 125.) Dr. Rong concluded that the batteries he examined were "manufactured by LG Chem…." (*Id.*) But the question of whether LG Chem manufactured the replacement batteries is of no significance to the jurisdictional inquiry. Dr. Rong does not opine as to whether LG Chem conducts business in Ohio or whether LG Chem deliberately distributes the 18650 lithium-ion batteries in Ohio.

In opposing LG Chem's motion, Reyes simply argues that "the type of categorical denials of jurisdictional contacts that are set forth in the [Joon] declaration should be given little to no weight at this stage of the proceedings." (Opp'n at 117, citing *Serras*, 875 F.2d at 1214.) It is true that Reyes' "burden is merely that of making a *prima facie* showing that personal jurisdiction exists." *See Serras*, 875 F.2d at 1214. But he has failed to meet even this relatively slight burden. In the face of a properly supported 12(b)(2) motion, Reyes cannot simply rely on the broad allegations in his complaint; he must put forth specific facts showing that this Court has jurisdiction. *See Theunissen*, 935 F.2d at 1458. He has failed to do so. There is simply *no* evidence to suggest that LG Chem has purposefully availed itself of the privilege of conducting business in Ohio.

Reyes further notes that "LG Chem has recently lost similar jurisdictional motions in other similar cases." (Opp'n at 120, collecting cases.) This argument is unavailing because it is possible, indeed quite likely, that LG Chem has purposefully availed itself to the privileges of conducting business in some states (where it would be subject to personal jurisdiction) but not others (where personal jurisdiction would be lacking). In any event, the cases that Reyes cites are distinguishable in several critical regards. In *Berven v. LG Chem, Ltd.*, No. 1:18-CV-01542-DAD-EPG, 2019 WL

1746083, at *13 (E.D. Cali. Apr. 18, 2019),[4] the fact that LG Chem sold their 18650 lithium-ion batteries "in California through many authorized distributors provide[d] the 'plus' necessary the meet the 'stream of commerce plus' test…." The court's finding was based on evidence put forth by plaintiff in response to LG Chem's 12(b)(2) motion. Plaintiff put forth evidence that, among other things, LG Chem (1) serviced "major customers" located in California, (2) had "known California distributors", and (3) directly "enter[ed] into sale and distribution agreements" to sell 18650 batteries to California businesses and residents. *Id.* at *2–6.

Likewise, in *Rhulen v. LG Chem Am., Inc.*, No. 16-6924 (JLL), 2018 WL 2230549, at *3 (D.N.J. May 15, 2018) plaintiff alleged that LG Chem "ha[d] a principle place of business in the State of New Jersey." The court allowed the parties to engage in jurisdictional discovery because, if true, New Jersey would have general jurisdiction over LG Chem. Similar evidence is not present here.

In sum, there is no evidence that general jurisdiction exits. It is uncontroverted that LG Chem is a Korean company, headquartered in Seoul, South Korea (*See* FAC ¶ 4, Mot. at 87) and there is no evidence that general jurisdiction is warranted due to the exceptional circumstances in this case. *See BNSF Ry.*, 137 S. Ct. at 1558 (holding that, in all but "exceptional cases," the "forums in which a corporate defendant is "at home" are the corporation's place of incorporation and its principal place of business). And Reyes has put forth no evidence—in the face of a properly supported 12(b)(2) motion—to suggest that LG Chem has purposefully availed itself of the privileges of conducting business in Ohio in order to establish specific jurisdiction.[5] There is no

---

[4] The district court adopted the magistrate judge's findings and recommendations. *See Berven v. LG Chem, Ltd.*, No. 1:18-cv-01542-DAD-EPG, 2019 WL 4687080, at *2 (E.D. Cal. Sept. 26, 2019).

[5] Having already determined that Reyes' reference to LG's joint venture with GM is insufficient to establish a *prima facie* showing of general jurisdiction, it also fails with regard to specific jurisdiction. Specific jurisdiction requires a nexus between a defendant's contacts in the forum state and plaintiff's injury. Here, even if LG Chem was currently manufacturing electric-vehicle batteries in Ohio—which it is not—there is no connection between electric-vehicle batteries and plaintiff's injuries.

evidence that LG Chem has established distribution networks to sell 18650 lithium-ion batteries in Ohio, no evidence that LG Chem designed or marketed 18650 batteries for the Ohio market, and no evidence that LG Chem advertises 18650 batteries in Ohio. Reyes' assertion that "LG Chem-branded 18650 batteries are … widely available for direct purchase … in the State of Ohio[,]" (Opp'n at 118) is not enough.

Due process requires "that the defendant *himself*" create the requisite contacts within the forum state. *Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (emphasis in original). The fact that a product reaches Ohio markets via third-party sellers evidences stream of commerce, but lacks the "plus" required to establish specific personal jurisdiction. *See Asahi*, 480 U.S. at 112 ("The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State."); *see also Burger King*, 471 U.S. at 475 ("[A] defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person….") (internal citations and quotation marks omitted).

Finally, with regard to Reyes' request for jurisdictional discovery, there is "no reasonable basis to expect that further discovery [will] reveal contacts sufficient to support personal jurisdiction." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). Had Reyes' brief in opposition put forth *any* evidence to suggest that LG Chem currently possesses sufficient minimum contact in Ohio, discovery *may* have been warranted. But here, discovery would be nothing more than a fishing expedition. *See Auto-Owners Ins. Co. of Am. v. Hallmark Mktg. Co.*, No. 1:11-cv-1157, 2016 WL 10514822, at *6 (W.D. Mich. Dec. 9, 2016) ("It is well within the Court's discretion to deny a plaintiff's request for jurisdictional discovery where, as here, the

plaintiff makes only conclusory allegations and fails to offer any factual basis for its allegations.") (citing *Chrysler*, 643 F.2d at 1240).

### III. CONCLUSION

For the reasons set forth above, defendant LG Chem is entitled to dismissal from this action for lack of personal jurisdiction and Doc. No. 11 is granted.

**IT IS SO ORDERED**.

Dated: April 6, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**